14-2636-cr (L)
*United States v. Miner*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 21st day of September, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
          *Chief Judge*,
          PETER W. HALL,
          RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee*,

     - v -          No. 14-2636-cr, 14-3757-cr

GARY MINER,

     *Defendant-Appellant.*

---

| | |
|---|---|
| For Defendant-Appellant: | Molly Corbett, *for* Lisa Peebles, Federal Public Defender, Albany, New York. |
| For Appellee: | Steven D. Clymer, Richard D. Belliss, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York. |

1

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J).*

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED IN PART and VACATED AND REMANDED in part.**

Defendant-Appellant Gary Miner appeals from a September 26, 2014 amended judgment of conviction by the United States District Court for the Northern District of New York (D'Agostino, *J.*). Miner pleaded guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(l), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and was sentenced principally to ten years in prison. On appeal, Miner challenges only the $5,065 in restitution that he was ordered to pay to two victims—known under the pseudonyms *"J_ Blonde"* and "Andy"—depicted in the pornography that he possessed. We assume the parties' familiarity with the relevant facts, procedural history of the case, and issues presented for review.

Section 2259 of Title 18 of the U.S. Code requires that district courts order defendants convicted of crimes involving the sexual exploitation and other abuse of children to pay a victim of those offenses "the full amount of the victim's losses." 18 U.S.C. § 2259(b)(l). A victim's losses include all costs incurred for, *inter alia*, medical services, therapy, lost income, and attorneys' fees, as well as "any other losses suffered by the victim as a proximate result of the offense." *Id.* § 2259(b)(3)(A)-(F). We "review restitution orders 'deferentially' and will reverse only for abuse of discretion." *United States v. Paul*, 634 F.3d 668, 676 (2d Cir. 2011) (quoting *United States v. Pearson*, 570 F.3d 480, 486 (2d Cir. 2009) (per curiam)).

At the outset, we reject Miner's contention that the district court failed to adequately disaggregate the losses caused by the victims' initial abuses from the "losses, including the costs

2

of psychiatric treatment and lost income, that stem from the ongoing traffic in [their] images as a whole." *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014). The district court here explicitly found that "the general losses sought by the Government for J_Blonde and Andy are sufficiently disaggregated from the harm caused by their respective initial abusers to satisfy *Paroline*'s proximate causation requirement." *United States v. Miner*, No. 14-cr-33 (MAD), 2014 WL 4816230, at \*8 (N.D.N.Y. Sept. 25, 2014). Although Miner complains that the district court relied on psychological evaluations that "included the original victimization in their evaluations of the victims," Appellant's Br. 36, both reports appear to have distinguished the original abuse from the ongoing trafficking of the image. And while Miner faults the district court for not "reveal[ing] the amount of contribution the original had in the loss amount or the amount from which the contribution was disaggregated," *id.*, neither *Paroline* nor the restitution statute mandate this form of detailed accounting.

Next, we conclude that the district court's restitution awards adequately accounted for Miner's "relative role in the causal process that underlies the victim's general losses." *Paroline*, 134 S. Ct. at 1727. The district court calculated the awards here by picking the median of all restitution orders previously awarded to the two victims. The district court adopted this approach from a pre-*Paroline* First Circuit case, *United States v. Kearney*, which affirmed an average-award approach after reasoning that "[t]here is nothing improper about considering restitution awards in other similar circumstances in fashioning a restitution award." 672 F.3d 81, 100–01 (1st Cir. 2012). The district court here departed from the approach used in *Kearney* by looking to the median, rather than the mean, of previous awards, in order to "avoid[] '[t]he mean's disadvantage [in] that a few unusually high or low figures in the data set can skew the result upward or downward.'" *Miner*, 2014 WL 4816230, at \*12 (second and third alterations in

3

original) (quoting Michael Rustad & Thomas Koenig, *The Supreme Court and Junk Social Science: Selective Distortion in Amicus Briefs*, 72 N.C. L. Rev. 91, 146 (1993)).

Although this median-award approach may not be appropriate in every case, here that approach yielded awards—$2,000 to J_Blonde and $3,065 to Andy—that are both reasonable and just. The Supreme Court has emphasized that the calculation of restitution "cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment," and has warned that any precise formula "would unduly constrain the decisionmakers closest to the facts of any given case." *Paroline*, l34 S. Ct. at 1728. A review of the record reveals that the district court—the "decisionmaker[] closest to the facts of [the] case"—fully complied with its obligations under *Paroline*, repeatedly pushing back against the restitution requests made by the government and the victims, requesting new data to inform its decisionmaking, and performing "its own independent research [to] identif[y] a method which would allow for a reasonable determination of appropriate restitution," *Miner,* 2014 WL 4816230, at *11. These efforts resulted in a restitution award that was neither "excessive and disproportionate" nor "trivial," *Paroline*, l 34 S. Ct. at 1726, 1728, and we have little trouble concluding that the district court did not abuse its discretion here.

Finally, we conclude that the district court erred by ordering immediate payment of the restitution, rather than setting an extended payment schedule. The record reflects that Miner has few to no assets and significant outstanding debts.  Given Miner's indigence, it appears that the "interest of justice," *see* 18 U.S.C. § 3572(d)(1), requires that Miner's restitution obligations be extended via a payment schedule.  Accordingly, although Miner did not press this argument below, we conclude that requiring Miner to make immediate payment constitutes plain error. *See United States v. Mammedov*, 304 F. App'x 922, 927–28 (2d Cir. 2008) (finding plain error

4

where restitution order required immediate payment even though the presentence report indicated that the defendant "lack[ed] financial assets" and the district court declined to impose a fine due to the defendant's inability to pay).

We therefore **VACATE** the district court's restitution order insofar as it requires immediate payment, and **REMAND** for the district court to fashion a payment schedule in accordance with the factors laid out in 18 U.S.C. § 3664(f)(2).  The district court's restitution order is otherwise **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK